ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LINWOOD MULDROW, | ) | CASE NO. 4:05CV1659 |
| | ) | (4:03CR0153-2) |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| UNITED STATES OF AMERICA, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon Petitioner *pro se* Linwood Muldrow's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In addition to the motion, the Court has reviewed the Government's Brief in Response (Doc. 5). For the reasons stated herein, the motion is denied.

**I. BACKGROUND**

On June 17, 2003, and pursuant to a written plea agreement, Petitioner pleaded guilty to one count of possession with the intent to distribute crack cocaine in violation of sections 841(a)(1) and (b)(1)(B) of Title 21 of the United States Code. Under the United States Sentencing Guidelines (U.S.S.G.) section 2D1.1(c)(6), the Court determined at the sentencing hearing that Petitioner had a base offense level of 28. The Court further granted a two-step upward adjustment for possession of a dangerous weapon under U.S.S.G. section 2D1.1(b)(1), and a three-step downward adjustment for acceptance of responsibility. Therefore, the Court determined Petitioner's offense level was 27 with a criminal history category of III. Under the Sentencing Guidelines, Petitioner's sentencing range was 87 to 108 months. The Court

sentenced Petitioner to 87 months and four years supervised release. The Court's order, dated September 10, 2003, was entered on September 11, 2003.

Paragraph No. 2 of the subject plea agreement acknowledged that Petitioner understood his sentencing was within the discretion of the Court, and that "the Court is required to consider any applicable sentencing guidelines . . . ." Plea Agreement (Doc. 5-2) at 2. Under the section entitled "Factual Basis for Guilty Plea," Petitioner further acknowledged that if the case proceeded to trial, the Government could prove beyond a reasonable doubt that "[o]fficers found a shotgun with pistol grip, serial number #L580240 with five (5) live rounds under the couch in the living room." Doc. 5-2 at 5.

Additionally, the subject plea agreement contained a section entitled "Waiver of Appeal, Defenses, and Collateral Attack Rights." Under this section, Petitioner waived his right to appeal his conviction or sentence. He further waived his right to collaterally attack his conviction or sentence "through a post-conviction proceeding, including but not limited to . . . ***28 U.S.C. § 2255 motions*** . . . ." *Id.* (emphasis added).

Consistent with his plea agreement, Petitioner did not file a direct appeal of his conviction or sentence. However, on January 12, 2005, the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), effectively rendering the U.S.S.G. advisory. *Id.* at 259. Petitioner subsequently filed the instant Motion to Vacate, Set Aside or Correct Sentence currently before the Court.

## II. ANALYSIS

Section 2255, Title 28 permits a court to grant relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the motion must be summarily dismissed "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."

Petitioner, through his motion, asserts two grounds for relief. First, he argues that *Booker*, applies retroactively; thus, his Fifth and Sixth Amendment rights were violated when he received a two-step upward sentence adjustment for possession of a dangerous weapon under U.S.S.G. section 2D1.1(b)(1), where the government failed to prove possession beyond a reasonable doubt. (Pet'r Br. at 2-3.) Second, he asserts that his counsel failed to anticipate the Supreme Court's decision in *Booker*, thus, denying him of effective assistance of counsel under the Sixth Amendment (Pet'r Mot. at 4, ¶ 12(B).)

In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the preferred practice in dismissing a § 2255 motion is to enumerate the grounds raised by the movant, specifying that each ground is being summarily dismissed in accordance with the rule, and explaining the legal grounds for that action. *Tate v. United States*, No. 85-1479, 1986 WL 17720, at *1 (6th Cir. Sep. 10, 1986) (citing *United States v. Counts*, 691 F.2d 348, 349 (7th Cir. 1982)). Because this Court finds that Petitioner is entitled to no relief, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is dismissed. In accordance with the preference in Rule 4(b), this Court will now explore in greater detail the issues raised in Petitioner's motion and memorandum.

**A. Waiver**

As an initial matter, Petitioner has waived his right to bring this § 2255 motion. In *United States v. Bradley*, 400 F.3d 459 (6th Cir.), *cert. denied*, 546 U.S. 862 (2005), the Sixth Circuit, in a post-*Booker* decision, addressed a situation very similar to the case at bar. *See also Tuttamore v. United States*, No. 3:04CV7529, 2005 WL 234368 (N.D. Ohio Feb. 1, 2005) (Carr, C.J.) (§ 2255 case). There, Bradley entered a plea agreement after being indicted on drug and weapons charges. The agreement contained a provision whereby Bradley understood that he would ". . . be sentenced . . . pursuant to guidelines established by the United States Sentencing Commission." *Bradley*, 400 F.3d at 461. Further, the agreement contained a clause where Bradley "waive[d] his right to appeal any resulting sentence directly or collaterally . . . ." *Id.* Following the Supreme Court's ruling in *Booker*, Bradley sought to attack his sentence during a direct appeal.

The court held that, pursuant to his plea agreement, Bradley waived his right to challenge his sentence. *Id.* at 466. The court noted that "[p]lea agreements . . . may waive constitutional or statutory rights then in existence as well as those that courts may recognize in the future." *Id.* at 463. "[W]here developments in the law later expand a right that the defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *Id.* "'[A]bsent misrepresentation or other impermissible conduct by state agents, . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate the plea rested on a faulty premise.'" *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). Ultimately the court concluded that having knowingly and voluntary bargained for

a reduction in the number of charges and the length of his sentence, Bradley could not now seek to "extract two components of that bargain–his agreement to be sentenced under the then-mandatory Guidelines and his agreement to waive his right to appeal–on the basis of changes in the law after the bargain was struck." *Id.* at 465.

Like *Bradley*, Petitioner has waived his right to attack the length of his sentence. Here, as in *Bradley*, Petitioner's plea agreement contained a provision whereby he agreed to be sentenced under the then-mandatory guidelines. Doc. 5-2 at 2-3. Furthermore, Petitioner's plea agreement also contained a provision where he specifically waived his ability to raise issues through 28 U.S.C. § 2255. *Id.* at 5. *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("the right to seek post-conviction relief [is a] statutory right[ ] that may be waived if the waiver is knowingly, intelligently, and voluntarily made.") Lastly, Petitioner bargained for and received the dismissal of at least one charge against him and received a sentence at the very bottom of the Guideline range. *See Bradley*, 400 F.3d at 465. As a result, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is dismissed.

**B.** *Booker*

1. Even if Petitioner has not waived his right to appeal his sentence, *Booker* does not apply retroactively; thus, Petitioner's motion is time-barred.

Petitioner seeks to extend the one-year limitation period for bringing a § 2255 motion, *see* 28 U.S.C. § 2255(1), by asserting that when the Supreme Court announced its opinion in *Booker*, it constituted a new rule made retroactively applicable to cases on collateral review. (Pet'r Br. at 4); *see also*, 28 U.S.C. § 2255(3). The Supreme Court established a three-part analysis for determining if a new rule of criminal procedure applies retroactively to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*,

546 U.S. 885 (2005). First, the reviewing court must determine when the defendant's conviction became final. *Id.* Second, the court must determine whether the rule in question is in fact "new." *Id.* Lastly, the court must determine whether the rule falls into one of the two exceptions to nonretroactivity articulated in *Teague v. Lane*, 489 U.S. 288 (1989). *Humphress,* 398 F.3d at 860.

The date Petitioner's conviction became final is fairly easy to determine. Petitioner was sentenced on September 9, 2003. Subsequently, the judgment was entered on September 11, 2003, and became final ten days later, excluding intervening weekends, on September 25, 2003. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (noting that § 2255 clearly requires that, "for statute of limitations purposes, an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment"). Further, as Petitioner correctly points out, *Booker* did in fact articulate a new rule of criminal procedure. *Humphress*, 398 F.3d at 861 (noting "[t]he *Booker* rule is clearly new"). Thus, application of step three is the only issue that remains.

Under *Teague*, a new rule applies retroactively to cases on collateral review only if "it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, [or] . . . if it requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." *Teague*, 489 U.S. at 311 (quoting *Mackey v. United States*, 401 U.S. 667, 692-93 (1971) (Harlan, J., concurring in part, dissenting in part))(internal quotations omitted). However, as articulated by the Sixth Circuit in *Humphress*, *Booker* does not meet either of the two *Teague* exceptions; thus, *Booker* does not apply retroactively on collateral review to initial § 2255 petitions. *Humphress*, 398 F.3d at 863.

The court in *Humphress* noted that the first *Teague* exception "does not apply to rules forbidding punishment of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Id.* at 862 (quoting *Beard v. Banks*, 542 U.S. 406, 416 (2004)) (internal quotations omitted). The court went on to apply the second *Teague* exception. *Id.* The court opined that "[t]he Supreme Court has never held that a new rule of criminal procedure falls within *Teague's* second exception. We hold that *Booker's* rule does not either." *Id.* at 863 (internal citations omitted).

As a result of the Sixth Circuit's holding in *Humphress*, *Booker* does not apply retroactively to cases on collateral review. Thus, under § 2255(1), in order to be timely, Petitioner's motion had to be filed by September 25, 2004. Petitioner filed the present motion on June 22, 2005. Consequently, Petitioner's motion is time-barred and, therefore, is dismissed.

2. Even if Petitioner's motion is not time-barred, *Booker* is inapplicable in the present case.

In *Booker*, the Supreme Court applied its holding in *Blakely v. Washington*, 542 U.S. 296 (2004), to the Federal Sentencing Guidelines. The court noted that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Booker*, 543 U.S. at 231 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). However, "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* at 232 (quoting *Blakely*, 542 U.S. at 303) (emphasis added in original). Thus, *Booker* does not apply to agreed upon facts stipulated in a plea agreement. *Bradley*, 400 F.3d at 462.

Petitioner asserts that the prosecution established he possessed a firearm only by a preponderance of the evidence, and not beyond a reasonable doubt as required by *Booker*; thus, the two-step upward adjustment Petitioner received for possession of a dangerous weapon would be improper. (Pet'r Br. at 2-3.) However, Petitioner admitted in his plea agreement that the government could prove beyond a reasonable doubt that he possessed a firearm. Doc. 5-2 at 5. As a result, the Sixth Amendment is inapplicable to the present facts and there is no *Booker* violation. *See Bradley*, 400 F.3d at 462. Therefore, Petitioner's motion is dismissed.

## C. Effective Assistance of Counsel

As an alternative theory for relief, Petitioner asserts he received ineffective assistance of counsel in violation of the Sixth Amendment. (Pet'r Mot. at 4, ¶ 12(B).) Although Petitioner did not brief the issue in full, the Court will address his claim. In light of the Sixth Circuit's decision in *United States v. Burgess,* 142 Fed.Appx. 232 (6th Cir.), *cert. denied*, 546 U.S. 919 (2005), Petitioner's motion is dismissed.

In order to prove ineffective assistance of counsel, Petitioner must show that (1) counsel's performance was deficient (the performance prong); and (2) counsel's deficient performance prejudiced Petitioner's defense (the prejudice prong). *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, Petitioner must illustrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [Petitioner] by the Sixth Amendment." *Id.* Here the standard is objective reasonableness. *Id.*

Under the prejudice prong, Petitioner must illustrate that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* In the guilty plea context, the petitioner must establish "there is a reasonable probability that, but for counsel's errors, he would not have

8

pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord, Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In *Burgess*, following the Supreme Court's decision in *Booker*, the defendant raised an ineffective assistance of counsel claim on direct appeal. *Burgess*, 142 Fed.Appx. at 239. The court initially noted that it would ordinarily decide such an issue on a 2255 motion, but since the court felt the appellant's brief raised only legal questions, the court addressed the ineffective assistance of counsel claim. *Id.* at 239-40. There, the defendant asserted that his counsel was ineffective for not arguing that the mandatory nature of the U.S. Sentencing Guidelines was unconstitutional, as adopted by the Supreme Court in *Booker*. *Id.* at 239. The court then applied *Strickland*.

The court held that counsel was not ineffective for failing to anticipate the Supreme Court's holding in *Blakely* or *Booker*. *Id.* at 240. With respect to the performance prong, the court noted that "[a]s a matter of law, there simply is no basis for Burgess's assertion that his counsel's failure to predict this novel line of authority 'fell below an objective standard of reasonableness.'" *Id.* at 241 (quoting *Strickland*, 466 U.S. at 687-88).

When evaluating the prejudice prong, the court opined that "Burgess's attorney would have had . . . to convince[ ] the district court that Burgess should be sentenced as if the Guidelines were advisory, even though there was no apparent threat to Burgess's Sixth Amendment rights." *Id.* The court concluded "[t]here was no reasonable probability . . . that the court would have accepted such an argument that no other court had adopted at that time."

*Id.* Therefore, Burgess met neither prong of the *Strickland* test and his appeal was dismissed. *Id.*

Similarly, just as in *Burgess*, Petitioner has met neither the performance prong nor the prejudice prong of *Strickland.* The Sixth Circuit's conclusion in *Burgess* is directly on point with the present case. *Burgess* dictates dismissal of Petitioner's ineffective assistance of counsel claim.

### III.  CONCLUSION

Petitioner Linwood Muldrow's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 August 30, 2007                         */s/ John R. Adams*
Date                                     John R. Adams
                                         U.S. District Judge